IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| LACI DROLL, | * | |
| | * | 4:20-cv-00088 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF KEOTA, IOWA, | * | |
| | * | ORDER |
| Defendant. | * | |

Before the Court are three pending pre-trial motions: Defendant City of Keota's *Daubert* Motion to Exclude Testimony of Plaintiff's Experts, ECF No. 94, Plaintiff Laci Droll's Motions in Limine to Exclude Expert Testimony of Felicia Trembath, ECF No. 96, and Benjamin Van Raalte, ECF No. 97. Defendant resists Plaintiff's Motions in Limine. ECF Nos. 102, 103. Plaintiff resists Defendant's *Daubert* Motion. ECF No. 104. Plaintiff has replied to Defendant's Resistances. ECF Nos. 111, 112. Neither party requested oral argument, and the Court does not believe oral argument will substantially aid it in resolving the issues before the Court. The matter is fully submitted.

I. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. It provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) The expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) The testimony is based on sufficient facts or data;
(c) The testimony is the product of reliable principles and methods; and
(d) The expert has reliably applied the principles and methods to the facts of the case.

1

Fed. R. Evid. 702.  Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993), this Court acts as a gatekeeper to ensure "the expert's methodology is reliable and can be reasonably applied to the facts of the case." *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (citation omitted).  "To satisfy the reliability requirement, the party offering the expert testimony 'must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid.'" *Khoury v. Philips Med. Sys.*, 614 F.3d 888, 892 (8th Cir. 2010) (citation omitted).  This Court has discretion in deciding "[w]hether to admit expert testimony." *Bartak v. Bell-Galyardt & Wells, Inc.*, 629 F.2d 523, 530 (8th Cir. 1980).

The Court's gatekeeping role is especially important in jury trials "to protect [lay] juries from being swayed by dubious scientific testimony." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011)).  But "[w]hen the district court sits as the finder of fact, '[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.'" *David E. Watson, P.C.*, 668 F.3d at 1015 (second alteration in original) (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d at 613).  Thus, the standard is relaxed for bench trials such as in this case.  *Id.*

## II.  ANALYSIS

### A. Defendant's Daubert Motion to Exclude Expert Testimony of Plaintiff's Experts

Defendant moves to exclude the testimony of Plaintiff's experts Dr. Victoria Voith, Dr. Kristopher Irizarry, and Dr. Randall Lockwood.  ECF No. 94.  Specifically, Defendant wants Dr. Voith's testimony excluded as pertains to accurate dog breed determinations.  Defendant wants Dr. Irizarry's testimony excluded as pertains to accurate breed determinations, a dog's breed as a predictor of dangerousness or aggression, and whether there is a rational basis for

banning certain dog breeds. Finally, Defendant moves to exclude Dr. Lockwood's testimony for several reasons, including accurate breed determination, validity of various studies relied upon, predictors of behavior in dogs, and efficacy of breed-specific legislation (BSL) in limiting dog bites. Defendant also claims these experts have close personal relationships with one another and each receives monetary compensation from organizations opposed to BSL, and thus they all have a conflict of interest.

Defendant has raised valid concerns about the credibility of these expert's conclusions, but those concerns ultimately go to the weight of the evidence, not its admissibility. *See David E. Watson, P.C.*, 668 F.3d at 1015. "Vigorous cross-examination [and] presentation of contrary evidence . . . are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. Given the relaxed *Daubert* standard for bench trials, the Court concludes the testimony of Drs. Voith, Irizarry, and Lockwood is admissible and Defendant's Motion is therefore denied. Defendant can make a record at trial on any objections it has regarding Plaintiff's experts.

B. *Plaintiff's Motions in Limine to Exclude Expert Testimony*

1. Dr. Benjamin Van Raalte

Plaintiff moves to exclude the expert testimony of Dr. Benjamin Van Raalte. ECF No. 96. Plaintiff challenges Dr. Van Raalte's testimony because he allegedly offers opinions primarily based on his personal experience. However, "even if [an expert]'s education and training was not specifically tailored to [the] issues" if he has "demonstrated practical experience" he can qualify as an expert. *David E. Watson, P.C.*, 668 F.3d at 1014 (citation omitted). Plaintiff also disagrees with the sources of Dr. Van Raalte's information. But "mere disagreement with the assumptions and methodology used does not warrant exclusion of expert

3

testimony." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007). Given the relaxed gatekeeping role in bench trials, the Court concludes the testimony of Dr. Van Raalte is admissible and Plaintiff's Motion is therefore denied. *See David E. Watson, P.C.*, 668 F.3d at 1015. Plaintiff can make a record at trial regarding any objections it has to Dr. Van Raalte.

2. Dr. Felicia Trembath

Plaintiff moves to exclude the expert testimony of Dr. Felicia Trembath. ECF No. 97. Specifically, Plaintiff wants Dr. Trembath's BSL opinions excluded. Again, given the relaxed gatekeeping role in bench trials, the Court concludes Dr. Trembath's testimony is admissible and Plaintiff's Motion is therefore denied. *See David E. Watson, P.C.*, 668 F.3d at 1015. Plaintiff can make a record at trial regarding any objections it has to Dr. Trembath.

III. CONCLUSION

For the foregoing reasons, Defendant's *Daubert* Motion to Exclude Testimony of Plaintiff's Experts (ECF No. 94) is DENIED. Plaintiff's Motions in Limine to Exclude Expert Testimony of Drs. Van Raalte and Trembath (ECF Nos. 96, 97) are also DENIED.

IT IS SO ORDERED.

Dated this 16th day of November, 2021.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

4