IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - X
LACI DROLL,                :
                           :
    Plaintiff,           :
                           :
vs.                        :   Case No. 4:20-cv-88
                           :
CITY OF KEOTA,             :   TRANSCRIPT OF STATUS CONFERENCE
                           :
    Defendant.           :
- - - - - - - - - - - - - X

                            U.S. Courthouse
                            123 East Walnut Street
                            Des Moines, Iowa
                            Friday, December 3, 2021
                            2:29 p.m.

BEFORE:   THE HONORABLE ROBERT W. PRATT, Senior Judge

APPEARANCES:

For the Plaintiff:        V. GENE SUMMERLIN, ESQ.
                        Husch Blackwell LLP
                        13330 California Street, Suite 200
                        Omaha, Nebraska  68154

For the Defendant:        JASON C. PALMER, ESQ.
                        Bradshaw, Fowler, Proctor & Fairgrave
                        801 Grand Avenue, Suite 3700
                        Des Moines, Iowa  50309-8004


                TONYA R. GERKE, CSR, RDR, CRR
                   United States Courthouse
           123 East Walnut Street, Room 197
               Des Moines, Iowa 50309

P R O C E E D I N G S

THE COURT: Good afternoon.

MR. PALMER: Hi, Judge.

THE COURT: Who is on the line for the plaintiff? Hello? Is someone on the call for the plaintiff Ms. Droll?

Okay. Mr. Palmer, was that you that said, Hello, Judge?

MR. PALMER: Yes, that is me, Your Honor.

THE COURT: Is Mr. Summerlin or one of his associates on the call, or do you know?

MR. PALMER: I do not know. I know Gene called me. Oh, here they come.

MR. SUMMERLIN: Hello, this is Gene Summerlin.

THE COURT: Okay. Mr. Summerlin, you're on the call for the plaintiff, I'm assuming?

MR. SUMMERLIN: That's correct.

THE COURT: Okay. And, Mr. Palmer, you're for the defendant?

MR. PALMER: Yes, Your Honor.

THE COURT: Okay. Tell me. I didn't realize until this morning that the Council Bluffs case has been appealed. It was appealed on Monday. No one told me about it. No one told my law clerk about it. Why shouldn't this case be stayed?

Mr. Summerlin -- Mr. Summerlin, wait a minute. You went on for pages. I have the transcript of September 23rd

1  telling me how identical this case and the law and facts were,
2  so you better have a good reason to tell me why we're going to
3  have a four-day bench trial when the Eighth Circuit opinion is
4  going to be dispositive.
5            MR. SUMMERLIN:  So, Your Honor, our position is
6  that -- and there -- there are a number of similarities between
7  this case and the Council Bluffs case.  I don't disagree that --
8            THE COURT:  Well, you shouldn't disagree because you
9  said there were many numerous similarities.
10           MR. SUMMERLIN:  Correct, Your Honor.  Our primary
11 argument for why this shouldn't be stayed is that the appellate
12 review would be better informed by a more fully developed
13 evidentiary record which would happen during this trial.  I can
14 jump into the details of that with respect to Judge Jarvey's
15 opinion if the Court would like us to.
16           THE COURT:  No.  I'm just -- I just want to know why
17 the case is different now than it was on September 23rd.
18           MR. SUMMERLIN:  I don't think it is.
19           THE COURT: Good.  Good.  So you think their
20 ordinances are identical, and the factual disputes are the same?
21           MR. SUMMERLIN:  In large part, yes.  I mean --
22           THE COURT:  Okay.  All right.
23           MR. SUMMERLIN:  -- what we said in the motion to
24 consolidate was the differences between the two cases are not
25 significant.

1    THE COURT: Okay. Mr. Palmer, tell me the City of
2 Keota's position about staying the case and waiting for the
3 Court of Appeals.
4    MR. PALMER: We think it should be stayed because it
5 will obviously provide dispositive guidance, number one. Number
6 two, during the whole proceeding, the plaintiff has been allowed
7 to keep Gypsy, her dog. That will continue, so there's no harm
8 to the plaintiff at all or prejudice as it relates to that
9 factor, and I think to move forward there is prejudice, I think,
10 really for everyone because we're going to consume time and a
11 tremendous amount of money without Eighth Circuit guidance on a
12 case that is if not identical incredibly similar.
13    THE COURT: Okay, Mr. Palmer. Which brings me to this
14 point. Why didn't somebody call my attention to this before I
15 had to find it Friday morning?
16    MR. PALMER: Well, that's a great point, and we found
17 out, I think, yesterday that it was appealed. I'm not on those
18 filings. I had an e-mail communication with a Council Bluffs
19 lawyer --
20    THE COURT: Okay.
21    MR. PALMER: -- and we were looking into it, but it --
22 once we found out yesterday -- it's so late, but that's why,
23 Your Honor.
24    THE COURT: And, Mr. Summerlin, why didn't you tell my
25 office that you had filed a notice of appeal?

1  MR. SUMMERLIN: Your Honor, I apologize. It did not
2  cross my mind. We filed a notice of appeal because the deadline
3  was running. We wanted to preserve our clients' in Council
4  Bluffs rights. I will fall on the sword for that. I never
5  thought to call and notify the Court.
6  THE COURT: Mr. Summerlin, how long have you been a
7  lawyer?
8  MR. SUMMERLIN: 30-some years.
9  THE COURT: Okay. Tell me why you disagree with
10 Mr. Palmer that the case should be stayed.
11 MR. SUMMERLIN: Okay. As we've argued to the Court
12 before, with respect to rational basis review, our burden is to
13 show -- to overcome every conceivable basis for the ordinance.
14 The ordinance in both Council Bluffs and Keota -- the evidence
15 in support of the ordinance is coming from primarily
16 Dr. Trembath, and we think that the evidence that she is
17 presenting is not reliable and not reliable in the sense that
18 under the Supreme Court's guidance for rational basis review not
19 the type of evidence that a state could rationally rely upon in
20 adopting the ordinance.
21 I -- we fully understand that whatever the result is,
22 if we're able to go forward for the trial in this case, that
23 will likely be appealed as well, and the appeals will likely be
24 consolidated at the Eighth Circuit, but to the extent that Court
25 is then going to be required to determine, well, could the

1 plaintiffs have met their burden to show that they negated every
2 conceivable basis for the ordinance, that appellate court will
3 be in a much better position to do that based on a full
4 evidentiary record. That's what would happen as a result of the
5 trial that we have scheduled for next week.
6         THE COURT: Okay. And other than the prejudice to
7 Ms. Droll, what else is prejudicial if the Court stays the
8 proceeding?
9         MR. SUMMERLIN: Well, obviously, you know, the cost of
10 litigation is extensive. There's been a lot of preparation
11 that's taken place in the last month. We have witnesses flying
12 in, starting to arrive tomorrow from all over the country.
13         THE COURT: Okay.
14         MR. SUMMERLIN: There is a real economic cost in
15 delaying a trial when the parties are ready to go forward.
16         THE COURT: Okay. All right. Any other record you
17 want to make, Mr. Palmer?
18         MR. PALMER: I would just say this, Judge. I mean,
19 attorney fees are high stakes in this case as well. I think it
20 makes complete sense to know the rules of the game, so to speak,
21 and we'll know that with an Eighth Circuit opinion through the
22 Council Bluffs case, a case that is identical, if not mostly
23 similar, so it makes sense.
24         THE COURT: All right. The Court's going to stay the
25 trial, and I'll enter an order this afternoon. We'll be in

7

1 recess.

2 (Proceedings concluded at 2:37 p.m.)

3

4

5 C E R T I F I C A T E

6 I, Tonya R. Gerke, a Certified Shorthand Reporter of
7 the State of Iowa and Federal Official Realtime Court Reporter
8 in and for the United States District Court for the Southern
9 District of Iowa, do hereby certify, pursuant to Title 28 U.S.C.
10 Section 753, that the foregoing is a true and correct transcript
11 of the stenographically reported proceedings held in the
12 above-entitled matter and that the transcript page format is in
13 conformance with the regulations of the Judicial Conference of
14 the United States.

15 Dated at Des Moines, Iowa, December 7, 2021.

16

17

18 /s/ Tonya R. Gerke
Tonya R. Gerke  CSR, RDR, CRR
19 Federal Official Court Reporter

20

21

22

23

24

25